UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------------x

ELIZABETH DELAROSA                                    COMPLAINT
                                                      JURY DEMAND

                                Plaintiff,

          -against-


THE CITY OF NEW YORK; NEW YORK CITY POLICE
PENSION FUND; BILL DE BLASIO, as Mayor and
Trustee of the NEW YORK CITY POLICE PENSION FUND;
SCOTT STRINGER, as Comptroller; WILLIAM J. BRATTON,
as Police Commissioner, Police Department City of New York and
Chairman, Board of Trustees, New York City Police Pension Fund;
JACQUES JIHA, as Commissioner of Finance; MERRIT RILEY, as
Chairman, Board of Trustees, New York City Police Pension Fund;
KEVIN HALLORAN, as Executive Director, New York City
Police Pension Fund; ARSEN PANKOVICH, M.D., as Medical
Doctor, Department of Health, New York City Police Pension Fund;
VASILIOS SIERROS, M.D., as Medical Doctor, Department of Citywide
Administrative Services, New York City Police Pension Fund; BRUCE
DAVID, DO., as Medical Doctor, Department of Citywide Administrative
Services, New York City Police Pension Fund; KATHRYN KO, M.D.,
as Medical Doctor, New York City Police Pension Board Article II;
and MARJORIE SCHEIBER M.D., as Medical Doctor, Department of
Citywide Administrative Services, New York City Police Pension Fund;
each sued individually in their official capacities as employees of defendants
THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION
FUND

                                Defendants'
----------------------------------------------------------------------------------x

          The plaintiff ELIZABETH DELAROSA through her attorney THE SANDERS FIRM,

P.C., files this federal complaint against defendants' THE CITY OF NEW YORK; NEW YORK

CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J.

BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN

PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO,

M.D. and MARJORIE SCHEIBER M.D., respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff ELIZABETH

DELAROSA, (hereinafter referred to as "plaintiff") who was being deprived of her statutory rights as an

employee as a result of defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE

PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON;

JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.;

VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE

SCHEIBER M.D.'S race discrimination during the two-step interactive process while evaluating

Accidental and Ordinary Disability Retirement pension applications of participating members of the New

York City Police Pension Fund.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

        a.       the Civil Rights Act of 1871, 42 U.S.C. § 1983;

        b.        New York State Executive Law § 296; and

        c.       New York City Administrative Code § 8-107.

2.      The unlawful practices, violations of plaintiff's statutory rights as an employee

complained of herein were committed within the Eastern and Southern Districts.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff has filed suit with this Court within applicable statue of limitations.

## PLAINTIFF

4.      Plaintiff ELIZABETH DELAROSA is a female citizen of the United States of

America, over twenty-one (21) years of age and retired employee of defendant THE CITY OF NEW YORK.

5.      Plaintiff self-identifies as a Dominican Female.

**DEFENDANTS'**

6.      Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York and at all relevant time's plaintiff's employer.

7.      Defendant NEW YORK CITY POLICE PENSION FUND is a municipal corporation organized under the laws of the State of New York created to handle the pension obligations related to uniformed employees of the Police Department City of New York.

8.      Defendant BILL DE BLASIO, as Mayor and Trustee of defendant NEW YORK CITY POLICE PENSION FUND.

9.      Defendant SCOTT STRINGER, as Comptroller.

10.     Defendant WILLIAM J. BRATTON, as Police Commissioner, Police Department City of New York and Chairman of the Board of Trustees, New York City Police Pension Fund.

11.     Defendant JACQUES JIHA, as Commissioner of Finance.

12.     Defendant MERRIT RILEY, as Chairman, Board of Trustees, New York City Police Pension Fund.

13.     Defendant KEVIN HALLORAN, as Executive Director, New York City Police Pension Fund.

14.     Defendant ARSEN PANKOVICH, M.D., as Medical Doctor, Department of Health, New York City Police Pension Fund.

15.     Defendant VASILIOS SIERROS, M.D., as Medical Doctor, Department of Citywide Administrative Services, New York City Police Pension Fund.

16.     Defendant BRUCE DAVID, DO., as Medical Doctor, Department of Citywide Administrative Services, New York City Police Pension Fund.

17.     Defendant KATHRYN KO, M.D., as Medical Doctor, New York City Police Pension Board Article II, New York City Police Pension Fund.

18.     Defendant MARJORIE SCHEIBER, M.D., as Medical Doctor, Department of Citywide Administrative Services, New York City Police Pension Fund.

## BACKGROUND

19.     Plaintiff alleges that Title VII of the Civil Rights Act of 1964 prohibits race discrimination during the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund.

20.     Plaintiff alleges that during the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund where the administration results in disparate treatment or disparate impact upon applicants based upon race, violates Title VII of the Civil Rights Act of 1964.

21.     Plaintiff alleges defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, have a legal obligation to ensure applicants receive a fair opportunity to qualify for Accidental or Ordinary Disability retirement pension benefits.

22.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, knows or should have known that the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension

applications by the Medical and Pension Boards are fraught with "subjectivity" and "implicit bias", thereby creating the opportunity for disparate treatment or disparate impact upon applicants due to their race.

23.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, upon information and belief, does not review the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund to ensure they are statistically valid, reliable and devoid of racial bias.

24.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, upon information and belief, does not administer the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund in a standardized manner to ensure that all pension applicants are reviewed in the same manner.

25.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, upon information and belief, does not monitor the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund to ensure there is no disparate treatment or disparate impact upon applicants due to race.

26.     Plaintiff alleges that defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND as employers, upon information and belief, does not monitor workplace statistics on attrition, theft, turnover, and production to determine whether the use of the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement

pension applications of participating members of the New York City Police Pension Fund have a disparate treatment or disparate impact upon applicants due to their race.

27.     Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., and other stakeholders charged with managing the pension fund created, supports and condones race discrimination during the two-step interactive process while evaluating Accidental and Ordinary Disability Retirement pension applications of participating members of the New York City Police Pension Fund.

28.     Plaintiff alleges that during the first part of the two-step interactive process, defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., and other stakeholders adopt significantly more Accidental and Ordinary Disability determinations when the Medical Board approves the Accidental and Ordinary Disability Retirement pension applications of Caucasian officers.

29.     Plaintiff alleges that during the first part of the two-step interactive process, defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., and other

stakeholders challenge significantly more Accidental and Ordinary Disability determinations

when the Medical Board approves the Accidental and Ordinary Disability Retirement pension

applications of Blacks, Hispanics and other police officers of color.

   30. Plaintiff alleges that during the second part of the two-step interactive process,

defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL

DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT

RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS, M.D.;

BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., and other

stakeholders approve significantly more Accidental and Ordinary Disability Retirement pension

applications of Caucasian police officers with little or no medical documentation ultimately

finding causation leading to an award of an Accidental or Ordinary Disability Retirement

Pension to the member with enhanced benefits.

   31. Plaintiff alleges that during the second part of the two-step interactive process,

defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL

DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT

RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS, M.D.;

BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., and other

stakeholders disapprove significantly more Accidental and Ordinary Disability Retirement

pension applications of Blacks, Hispanics and other police officers of color with little or no

medical documentation ultimately finding no causation leading to a denial of an Accidental or

Ordinary Disability Retirement Pension to the member with enhanced benefits.

   32. Plaintiff alleges on or about October 25, 2012, she was in a motor vehicle

accident while on-duty.

33.     Plaintiff alleges on or about April 5, 2013, she underwent surgery due to the injuries sustained during the motor vehicle accident.

34.     Plaintiff alleges on or about January 13, 2014, defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON 'disapproved' her Line of Duty designation although she sustained injuries to the neck and back.

35.     Plaintiff alleges that 'historically' defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON rarely if ever, 'disapprove' Line of Duty designations of Caucasian officers.

36.     Plaintiff alleges that 'historically' defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON consistently 'disapprove' Line of Duty designations of Blacks, Hispanics and other officers of color.

37.     Plaintiff alleges that on or about March 25, 2016, defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON filed an Ordinary Disability Retirement pension application, directing defendant NEW YORK CITY POLICE PENSION FUND'S Medical Board to examine her aka 'survey' to determine whether she is unable to perform her police duties.

38.     Plaintiff alleges that 'historically' defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON rarely if ever file an Ordinary Disability Retirement pension application, directing defendant NEW YORK CITY POLICE PENSION FUND'S Medical Board to 'survey' Caucasian officers.

39.     Plaintiff alleges that 'historically' defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON consistently file an Accidental Disability Retirement pension application, directing defendant NEW YORK CITY POLICE PENSION FUND'S Medical

Board to 'survey' Caucasian officers.

40.     Plaintiff alleges that 'historically' defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON rarely if ever file an Accidental Disability Retirement pension application, directing defendant NEW YORK CITY POLICE PENSION FUND'S Medical Board to 'survey' Blacks, Hispanics and other officers of color.

41.     Plaintiff alleges that 'historically' defendants' THE CITY OF NEW YORK and WILLIAM J. BRATTON consistently file an Ordinary Disability Retirement pension application, directing defendant NEW YORK CITY POLICE PENSION FUND'S Medical Board to 'survey' Blacks, Hispanics and other officers of color.

42.     Plaintiff alleges on or about May 31, 2016, defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND through defendants' ARSEN PANKOVICH, M.D.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., 'disapproved' the application for Ordinary Disability Retirement pension benefits finding the 'clinical evidence' did not preclude her from performing full duties as a New York City Police Officer.

43.     Plaintiff alleges on or about September 26, 2016, defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY and KEVIN HALLORAN remanded the application for Ordinary Disability Retirement pension benefits to the Article II Medical Board citing 'new evidence.'

44.     Plaintiff alleges on or about November 29, 2016, defendants' THE CITY OF NEW YORK and NEW YORK CITY POLICE PENSION FUND through defendants' BRUCE DAVID, DO; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., approved the application for Ordinary Disability Retirement pension benefits finding that she was

'permanently disabled' from performing her full duties as a New York City Police Officer.

45.     Plaintiff alleges that on or about March 8, 2017, defendants' THE CITY OF NEW

YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT

STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY and KEVIN

HALLORAN notified her that the Pension Board approved the application for Ordinary

Disability Retirement pension benefits.

46.     Plaintiff alleges that on or about March 21, 2017, she officially retired from the

NYPD.

47.     Plaintiff alleges that on or about April 12, 2017, through former counsel, during

the meeting of the Pension Board, she argued before defendants' THE CITY OF NEW YORK;

NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER;

WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY and KEVIN HALLORAN that

she is entitled to an upgrade to an Accidental Disability Retirement pension.

48.     Plaintiff alleges on or about October 17, 2017, defendants' THE CITY OF NEW

YORK; NEW YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT

STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY and KEVIN

HALLORAN denied the upgrade and affirmed her Ordinary Disability Retirement status.

49.     Plaintiff alleges meanwhile, at least six (6) Caucasian officers and others since

1991 were approved by Members of the Board of Trustees despite their "lack of records." For

example, Former Chief of Department Robert Johnson, Jr. (1991 alleged hearing loss); Former

Chief of Detectives William Alee (2005 alleged hearing loss); Former Inspector Peter Winski

(2008 or so alleged back); Former Inspector Richard Miller (2010 or so alleged knee injury);

Former Deputy Inspector John Bloch (2014 alleged shoulder) and Former Chief of Personnel

Thomas Dale (2014 alleged cancer).

50.     Plaintiff alleges defendants' THE CITY OF NEW YORK; NEW YORK CITY

POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J.

BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN

PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO,

M.D. and MARJORIE SCHEIBER M.D.'S collective conduct caused her to be denied an

Accidental Disability Retirement pension due to race discrimination during the two-step

interactive process while evaluating Accidental and Ordinary Disability Retirement pension

applications of participating members of the New York City Police Pension Fund in violation of

the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296 and New

York City Administrative Code § 8-107.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

51.     Plaintiff re-alleges Paragraphs 1 through 50 and incorporates them by reference as

Paragraphs 1 through 50 of Count I of this Complaint.

52.     Plaintiff alleges that defendants' BILL DE BLASIO; SCOTT STRINGER;

WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN

PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO,

M.D. and MARJORIE SCHEIBER M.D., discriminated against her based upon her race.

53.     Plaintiff alleges as a direct and proximate result of the unlawful practices of

defendants' BILL DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES

JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS

SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER

M.D., she has suffered the indignity of race discrimination and great humiliation.

54.     Plaintiff alleges that because of defendants' BILL DE BLASIO; SCOTT

STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN

HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID,

DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D.'S violations, she has suffered

mental anguish.

**COUNT II**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

55.     Plaintiff re-alleges Paragraphs 1 through 54 and incorporates them by reference as

Paragraphs 1 through 54 of Count II of this Complaint.

56.     Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK

CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J.

BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN

PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO,

M.D. and MARJORIE SCHEIBER M.D., discriminated against her based upon her race.

57.     Plaintiff alleges as a direct and proximate result of the unlawful practices of

defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; BILL

DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES JIHA; MERRIT

RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS, M.D.;

BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D. she has

suffered the indignity of race discrimination and great humiliation.

58.     Plaintiff alleges that because of defendants' THE CITY OF NEW YORK; NEW

YORK CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM

J. BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN

PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO,

M.D. and MARJORIE SCHEIBER M.D.'S violations, she has suffered mental anguish.

**COUNT III**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

59.     Plaintiff re-alleges Paragraph 1 through 58 and incorporates them by reference as

Paragraph 1 through 58 of Count III of this Complaint.

60.     Plaintiff alleges that New York City Administrative Code § 8-107 makes it

unlawful to discriminate against any individual in terms, conditions, or privilege of employment

because of their race.

61.     Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK

CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J.

BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN

PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO,

M.D. and MARJORIE SCHEIBER M.D., discriminated against her because of her race.

62.     Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' THE CITY OF NEW YORK; NEW YORK CITY POLICE PENSION

FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JACQUES JIHA;

MERRIT RILEY; KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS,

M.D.; BRUCE DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., she

suffered the indignity of race discrimination and great humiliation.

63.     Plaintiff alleges that defendants' THE CITY OF NEW YORK; NEW YORK

CITY POLICE PENSION FUND; BILL DE BLASIO; SCOTT STRINGER; WILLIAM J.

BRATTON; JACQUES JIHA; MERRIT RILEY; KEVIN HALLORAN; ARSEN

PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE DAVID, DO.; KATHRYN KO,

M.D. and MARJORIE SCHEIBER M.D.'S violations caused her mental anguish.

### JURY TRIAL

64.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

### PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE

CITY OF NEW YORK; NEW YORK CITY POLICE PENSION FUND; WILLIAM DE

BLASIO; SCOTT STRINGER; WILLIAM J. BRATTON; JAMES JIHA; MERRIT RILEY;

KEVIN HALLORAN; ARSEN PANKOVICH, M.D.; VASILIOS SIERROS, M.D.; BRUCE

DAVID, DO.; KATHRYN KO, M.D. and MARJORIE SCHEIBER M.D., jointly and severally,

in an amount to be determined at trial, plus any all available statutory remedies, both legal and

equitable, and interests and costs.

Dated: November 11, 2018
        New York, NY

Respectfully submitted,

By:     ~~Eric Sanders~~
        Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com